UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MISCELLANEOUS B-04-019

United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NOE DEL VALLE-MEJIA, ) | |
| Defendant/Movant, ) | Civil No. _____ |
| vs. ) | USDC No. 02-CR-323-01 |
| UNITED STATES OF AMERICA, ) | Motion to Vacate |
| Plaintiff/Respondent. ) | |

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY FILED PURSUANT
TO TITLE 28 U.S.C. § 2255

Movant's prison identification number: 11233-179.

Place of confinement: F.C.I. - Medium, P.O. Box 26040, Beaumont, Texas 77720.

1. Name and location of the Court which entered the judgment of conviction under attack: The United States District Court for the Southern District of Texas, Brownsville Division.

2. Date of judgment of conviction: **March 31st, 2003.**

3. Length of sentence: 80 months imprisonment, with a 10 month consecutive term of imprisonment in Case No. 01-CR-318-01, for a probation violation in a previous federal case.

4. Nature of offense involved: Being an alien unlawfully found in the United States after deportation subsequent to a conviction for an aggravated felony, in violation of Title 8 U.S.C. § 1326(a) and (b).

5. What was your plea? Guilty.

6. Kind of trial? N/A.

7. Did you testify at trial? N/A.

8. Did you appeal from the judgment of conviction? Yes.

(1)

9. If you did appeal, answer the following:

    (a) Name of Court: United States Court of Appeals for the Fifth Circuit.

    (b) Result: Affirmed, Appeal No. 03-40470, and 03-40487, consolidated.

    (c) Date of result: **October 29th, 2003.**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal Court?  No.

11. If the answer to 10 was "yes," give the following information:  N/A.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    A. Ground One: Ineffective assistant of counsel.

    **COUNSEL WAS INEFFECTIVE FOR FAILURE TO "PROPERLY" OBJECT TO, AND APPEAL THE DISTRICT COURT'S ABUSE OF DISCRETION IN FAILING TO AWARD MOVANT (-3) POINTS FOR ACCEPTANCE OF RESPONSIBILITY**

    (See, Supporting Memorandum)

    B. Ground Two: Ineffective assistance of counsel.

    **COUNSEL WAS INEFFECTIVE FOR FAILURE TO "PROPERLY" OBJECT TO, AND APPEAL, THE DISTRICT COURT'S ABUSE OF DISRECTION IN GIVING MOVANT A (+2) POINT UPWARD DEPARTURE FOR ESCAPE**

    (See, Supporting Memorandum)

13. If any of the grounds listed in 12 A & B were not previously presented, state briefly what grounds were not previously presented, and give your reasons for not previously presenting them:  The above listed grounds were not previously presented due to counsel's ineffectiveness.

14. Do you have an petition or appeal now pending in any Court as to the judgment under attack?  No.

15. Give the name and address, if known, of each attorney who represented you in each stage of the judgment under attack: At all stages, including appeal, Movant was represented by Reynaldo S. Cantu, Attorney at Law, P.O. Box 61508, Houston, Texas 77208-1508.

16. Were you sentence on more than one count of an indictment, or on more than one indictment, in the same Court at approximately the same time? Yes.

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes. Movant has a consecutive sentence to serve for "Escape" from the Corpus Christi Division in Case No. C-02-00301-001.

   Wherefore, Movant prays that this Honorable Court will grant him the relief in which he is entitled in this proceeding.

   Movant declares under the penalty of perjury that the foregoing § 2255 Motion and following Supporting Memorandum, are true and correct.

Executed on this 16th day of June, 2004.

                              Respectfully submitted,

                              _____
                              Noe Del Valle-Mejia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUN 28 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NOE DEL VALLE-MEJIA, | ) | |
| Defendant/Movant, | ) | Civil No. B-04-019 |
| vs. | ) | USDC No. 02-CR-323-01 |
| UNITED STATES OF AMERICA, | ) | Supporting Memorandum |
| Plaintiff/Respondent. | ) | |

SUPPORTING MEMORANDUM
FOR
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY FILED PURSUANT
TO TITLE 28 U.S.C. § 2255

**COMES NOW,** Noe Del Valle-Mejia, pro se Defendant (hereafter Movant) in the above styled action, hereby timely submitting the instant § 2255 Motion, with Supporting Memorandum, within one year of the Fifth Circuit's **October 29th, 2003,** affirmation of Movant's direct appeal, in consolidated Appeal Nos. 03-40470 and 03-40487, as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Movant hereby respectfully requests the Court to construe his § 2255 Motion liberally as required by the Supreme Court ruling in, **Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S. Ct. 594 (1972),** where the Court held that a pro se petition is held to less stringent standards than formal pleadings drafted by lawyers." See, **Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002),** where the Fifth Circuit stated that "[w]e must construe [Movant's] pro se brief liberally in his favor."

### JURISDICTION

Jurisdiction to entertain this Motion is vested upon this Court pursuant to

Title 18 U.S.C. § 3231, and 28 U.S.C. § 2255.

## STATEMENT OF CASE AND COURSE
## OF PROCEEDING AND DISPOSITION

This is an unlawful re-entry case.

On June 4th, 2002, in the Brownsville Division of the Southern District of Texas, a federal grand jury returned a two-count indictment charging Movant with Count 1: being found knowingly and unlawfully present in the United States after deportation subsequent to a conviction for an aggravated felony, in violation of Title 8 U.S.C. § 1326(a) & (b); and Court 2: falsely representing himself as a citizen of the United States, in violation of Title 18 U.S.C. § 911.

On July 23rd, 2002, Movant, after being promised a reduction for acceptance of responsibility, entered a plea of guilty to Count 1, of the indictment with the reasonable understanding that he would receive a (-3) point reduction for acceptance of responsibility, which was part of the quid pro quo, and the primary consideration that induced Movant to plead guilty. Had the Court, the government, or defense counsel, told Movant he would not receive the promised reduction, Movant would have pled not guilty and insisted on going to trial.

On March 31st, 2003, Movant was sentenced to 80 months imprisonment on the instant case, with a consecutive term of 10 months imprisonment for the probation violation, and 3-years supervised release.

On April 1st, 2003, a timely Notice of Appeal was filed.

On July 25th, 2003, Movant, by and through appellate counsel, submitted his Brief of Appellant to the Fifth Circuit, raising three issues for review. However, the issues presented herein were not presented on appeal.

On October 29th, 2003, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence in Appeal Nos. 03-40470 & 03-40487.

Therefore, Movant hereby timely submits the instant § 2255 Motion, and Supporting

Memorandum within one year of the Fifth Circuit's **October 29th, 2003,** affirmation of Movant direct appeal, as required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

## ARGUMENT

### MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL, IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSITUTION

### STANDARD OF REVIEW

The Court reviews a claim of ineffective assistance of counsel under the two prong test announced by the Supreme Court in, **Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 696, 104 S. Ct. 2052 (1984).** First: "A convicted defendant making a claim of ineffective assistance must identify the 'acts or omissions' of counsel that are alleged not to have been the result of reasonable professional judgment." **Id.** Second, if counsel was ineffective, the petitioner must show that there is a "reasonable probability" that, but for counsel's unprofessional error, the result of the proceeding would have been different. **Id.**

A "reasonable probability," is a "probability sufficient to undermine confidence in the outcome of the proceeding," or in the defendant's decision to plea guilty. **Strickland** supra 466 U.S. at 694; see also, **Hill v. Lockhart, 474 U.S. 52, 59, 88 L.Ed.2d 203, 106 S. Ct. 366 (1985).** It is well established that this reasonable probability standard "is a lower burden of proof than the preponderance of evidence standard." **Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir. 1990).** See also, **Fisher v. Gibson, 282 F.3d 1283, 1307 (10th Cir. 2002),** where the Court held that the "prejudice defendant must demonstrate is by less than a preponderance of the evidence: a defendant **need not** show that counsel's deficient conduct more likely than not altered the outcome..." **Id.**

The Supreme Court has held that "[t]his Court's jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance... if an increased prison

term did flow from an error than petitioner has established **Strickland** prejudice." Glover v. United States, 531 U.S. 198, 148 L.Ed.2d 604, 611, 121 S. Ct. 696 (2001).

Additionally, the **Strickland** standard of review applies to claims of ineffective assistance of appellate counsel. "The due process clause... guarantees a criminal defendant effective assistance of counsel on a first appeal; **nominal** representation on such an appeal does not suffice to render the proceeding constitutionally adequate." Evitts v. Lucey, 469 U.S. 387, 396, 83 L.Ed.2d 821, 830, 105 S. Ct. 830 1985).

Further, it is well established that the "cause and prejudice" standard announced by the Supreme Court in, United States v. Frady, 456 U.S. 152, 71 L.Ed.2d 816, 102 S. Ct. 1584 (1982), "does not apply to ineffective assistance of counsel claims." United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995).

The Fifth Circuit has held that "[w]here, as here, the allegations in the § 2255 motion are not negated by the record, the district court must hold an evidentiary hearing." United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991). The record does not negate the fact that Movant should receive an evidentiary hearing.

Finally, as in the case at bar, "dismissal of an appeal based on a waiver in the plea agreement is inappropriate where defendant[]... incorporates a claim that the plea agreement generally, and the defendant's waiver specifically, were tainted by ineffective assistance of counsel." United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). Movant is alleging that the plea agreement, and the waivers therein, are tainted by ineffective assistance of counsel.

## ARGUMENT, GROUND ONE

Movant asserts that the district court abused its discretion when it failed to give Movant a (-3) point reduction for acceptance of responsibility, and counsel was ineffective for failing to "properly" object to and appeal that error.

The record indicates that Movant was denied a three point reduction because of the obstruction of justice enhancement for an escape which resulted in a two point increase in Movant's total offense level.

(7)

However, as the following issue will show, the enhancement for the escape is double counting, because Movant was charged with the escape in the Corpus Christi Division, in Case No. C-02-00301-001, where Movant received a sentence that is ran consecutively to the case at bar. Therefore, double jeopardy bars multiple punishments for the same offense, which prohibited the district court in the case at bar from using the escape as a punishment factor, when the sentencing transcript clearly indicates that the district court was aware of the pending case for the escape.

Therefore, without the enhancement for obstruction of justice (escape) Movant met all the requirements for the (-3) point reduction for acceptance. To hold otherwise would be a due process violation of the most basic nature.

The Fifth Circuit has held that "[a] district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." **McClure v. Ashcroft, 335 F.3d 404, 408 (5th Cir. 2003).** Additionally, "[w]e review a sentencing judge's determination on acceptance of responsibility under a standard variously described as 'clearly erroneous,' 'without foundation.' or 'great deference.'" **United States v. Leal-Mendoza, 281 F.3d 473, 475 (5th Cir. 2002).** "[T]he sentencing court may not deny a three level decrease if the stated conditions are met." **United States v. Garrett, 90 F.3d 210, 213 (7th Cir. 1996).**

Clearly, without the escape enhancement, Movant meets the stated conditions in § 3E1.1, for acceptance of responsibility, and as discussed above and in issue two, the escape enhancement resulted in double county and multiple punishments for the same offense as proved by the Corpus Christi conviction for escape.

Therefore, based on the fact that the sentencing transcript proves that the district court was fully aware of the pending charge for escape, the enhancement for escape is multiple punishment for the same offense and prohibited by the Fifth Amendment's Double Jeopardy Clause, which requires vacation of Movant sentence and remand for resentencing where Movant will receive full credit for acceptance of

responsibility, in order to maintain the appearance of fairness, integrity, and public reputation of judicial proceedings.

It should be noted that the reduction for acceptance of responsibility was the primary consideration that induced Movant into pleading guilty, the quid pro quo, and had the Court, the prosecution, or defense counsel told Movant that he would not received the promised reduction, Movant would have pled not guilty and insisted on going to trial, and appellate counsel was certainly ineffective for not appealing this issue, which requires the Court to rule on its merits, or an evidentiary hearing where Movant can further develop the record in support of his ineffective assistance of counsel claims, as required by **Briggs supra.**

### ARGUMENT, GROUND TWO

The sentencing transcript in this case proves that the district court was aware that Movant had a pending charge for escape in the Corpus Christi Division under Case No. C-02-00301-001, which later resulted in a conviction based on Movant's plea of guilty to that offense.

Therefore, the district court abused its discretion and violated Movant's Fifth Amendment right against double jeopardy when it effectively inflicted multiple punishments for the same offense, which, at a minimum is double counting, and cannot stand.

The Sentencing Guidelines, 3C1.1, Application Note (6), states in part that: "Where the defendant is convicted of an offense... this adjustment is not to be applied to the offense level..." Which supports Movant's position that since he was convicted of escape, he surely should not be additionally enhanced for that same escape.

Additionally, the district court merely adopted the findings in the Presentence Investigation Report (PSI) without making any factually findings on the record. It is well established that "where a district court made no independent findings as a bases for its obstruction-of-justice enhancement, but merely heard arguments from

counsel and then adopted, without elaboration, the sentence calculation in the presentence investigation report, we vacate the sentence of the court and conclude that it is impossible to know whether the district court made an independent evaluation of the evidence... we cannot conclude that the district court made an independent evaluation of the evidence because it made no specific factual findings on the record to support its enhancement." **United States v. Middleton**, 246 F.3d 825, 847 (5th Cir. 2001).

Therefore, the "challenge to obstruction of justice enhancement would have been sufficiently meritorious that failure of defendant's counsel to raise it on appeal constituted deficient performance, and... defendant was prejudiced by counsel's failure, inasmuch as it resulted in specific, demonstrable enhancement which would not have occurred but for counsel's error." **United States v. Phillips**, 210 F.3d 345 (5th Cir. 2000).

Movant asserts that he has established his "burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights... which... serious affects the fairness, integrity, or public reputation of judicial proceedings." **United States v. Reyes**, 300 F.3d 555, 558 (5th Cir. 2002). Which requires the Court to correct the error.

In both issues presented, Movant has identified the "acts or omissions" of counsel that were not the result of reasonable professional judgment, and there is a "reasonable probability" that, but for counsel's unprofessional error, the result of the proceedings would have been different. Thereby satisfying the two prong test announced by the Supreme Court in **Strickland supra,** which requires, at a minimum, the Court to rule on the merits of the issues presented herein.

## CONCLUSION

Wherefore, Movant prays that this Honorable Court will exercise its judicial authority and grant Movant the relief he is entitled in this proceeding.

Respectfully submitted, *Noe [signature]*

## CERTIFICATE OF SERVICE

I, Noe Del Valle-Mejia, pro se Defendant/Movant in the foregoing Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody, filed pursuant to Title 28 U.S.C. § 2255, and Supporting Memorandum, hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and two true and correct copies of said Motion and Memorandum to the following:

Clerk of the Court
105 Federal Building
500 E. 10th Street
Brownsville, TX 78520

and one copy to opposing counsel:

Lynn Kirkpatrick
Assistant U.S. Attorney
105 Federal Building
500 E. 10th Street
Brownsville, TX 78520

on this 16th day of June, 2004.

*Noe del Valle*
Noe Del Valle-Mejia
Reg. #11233-179
F.C.I. - Medium
P.O. Box 26040
Beaumont, TX 77720