IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| v. | § | CR B-02-323-01 |
| | § | |
| NOE DEL VALLE-MEJIA, ✓ | § | |
| Petitioner-Defendant | § | |
| (CA B-04-19) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

1.

The court ordered the government to respond to Del Valle's 28 U.S.C. §2255 motion by October 19, 2004.   The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Del Valle, except those supported by the record and those specifically admitted herein, and demands proof thereof.

1

3.

### Instant case (CR B-02-323)

On June 4, 2002, Del Valle, identified as "Noe Del Valle-Mejia" a/k/a Blas Dimas Lozano a/k/a Edward Barrera and a/k/a Alberto Mendoza-Meza, was charged with being an alien who had previously been denied admission, excluded, deported, and removed, and was found present in Kenedy County, Texas, committed on May 7, 2002, in CR B-02-323 in the Brownsville Division of the Southern District of Texas. The government alleged Del Valle reentered without obtaining consent to reenter the country and after the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(count one); and false claim to United States citizenship, pursuant to 18 U.S.C. § 911 (count two)(Doc. 1). Del Valle agreed to plead guilty before the Magistrate Judge and entered his plea without the benefit of a written plea agreement with the government on July 23, 2002; however, there was an oral agreement where the government agreed to dismiss count two of the indictment ( Rearraignment transcript, pp. 2-13, 14-44). Del Valle understood that he faced a maximum 20 year imprisonment for the crime (Doc. 17), and did not claim surprise or move to dismiss the indictment on any theory prior to rearraignment (Docs. 2-8, 11). The Magistrate Judge recommended that the guilty plea be accepted (Doc. 10), and the district court adopted the report on March 31, 2003 (Doc. 21).

The probation department scored Del Valle at base offense level eight, increased 16 levels under USSG § 2L1.2(b)(1)(A)(vii) (2001 Sentencing Guideline Manual) because  upon the previous transporting offense, in CR B-01-318-01, involved an alien smuggling crime committed for profit.  It was recommended that Del Valle receive an adjustment for timely acceptance of responsibility for a total offense level score of 21.  His prior criminal history garnered him six points and a criminal history category III, bearing punishment range 46 to 57 months imprisonment (PSR in CR B-02-323, ¶¶ 14-31, 56).  Del Valle objected to the 16 level increase based upon the "for profit" motive for committing the underlying alien smuggling offense (Addendum to the PSR; Sentencing transcript, pp. 6-7).

### Escape offense (CR C-02-301)

In Addendum II to the PSR, the department reported Del Valle's October 2, 2002 escape from the Bee County Jail while awaiting sentencing (Addendum II to the PSR in CR B-02-323; Sentencing transcript, p. 2). He was apprehended on December 11, 2002 in Houston, Texas, and later pled guilty, on February 26, 2003, to the felony offense of escape from federal custody in CR C-02-301. The department recalculated Del Valle's offense score, increasing his offense level by two levels for obstruction of justice for escape and denying him the three-level reduction for acceptance of

3

responsibility for a total score of 26, criminal history category III, bearing a punishment range of 78 to 97 months (Addendum II to the PSR in CR B-02-323).

## Criminal Case No. CR B-01-318

With regard to his prior alien smuggling conviction, Del Valle was indicted on June 13, 2001 in CR B-01-318 with transporting an undocumented alien near Sarita, Texas, in the Southern District of Texas, Brownsville Division, committed on May 18, 2001, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II)(count one); and making a false statement under oath, on May 23, 2001, in violation of 18 U.S.C. § 1623 (count two).

On July 2, 2001 and after consenting to pleading guilty before United States Magistrate Felix Recio, Del Valle plead guilty to the indictment in conformance with a non-binding, written plea agreement with the government pursuant to Fed. R. Crim. P. 11(e)(1)(B). The government agreed to consider filing a motion for downward departure based upon substantial assistance under USSG §5K1 or Fed. R. Crim. P. 35(b); recommend the maximum reduction in offense score for timely acceptance of responsibility (two levels); a sentence imposed at the low end of the applicable guideline range; and an additional two-level downward departure for "early acceptance of responsibility" under USSG § 5K2.0 (Doc. 11—plea agreement in CR B-01-318; Rearraignment proceeding in CR B-01-318, pp. 4-5, 10-11). Del Valle

4

agreed to waive his "right to appeal the sentence (or the manner in which it was determined)", except for an illegal sentence under 18 U.S.C. § 3742(a)(1)(imposed in violation of law), ineffective assistance of counsel claims or claims of prosecutorial misconduct (Docs. 8-11; Rearraignment proceeding in CR B-01-318, pp. 1-22; Doc. 11, p. 71 ¶¶9-10 in CR B-01-318). At rearraignment held the same day, Del Valle confirmed the terms of the plea agreement, and acknowledged his waiver of his right to appeal (Rearraignment proceeding in CR B-01-318, pp. 1-22).

After grouping the counts of conviction pursuant to USSG § 3D1.2(c), the probation department scored Del Valle at base offense level 12, increased 3 levels under USSG § 2L1.2(b)(2)(A) (2000 Sentencing Guideline Manual) based upon ten undocumented aliens involved in the offense. He also received a two-level increase under USSG §3C1.1 for obstruction of justice for falsely identifying himself to the United States Magistrate Judge, for a total score of 17.   No reduction was recommended for timely acceptance of responsibility.   His criminal history score netted him one point and a punishment range of 24 to 30 months.  The impact of the plea agreement noted that he would garner a level 13, criminal history I score, bearing a 12 to 18 month term of imprisonment for punishment (PSR in CR B-01-318, ¶¶12-24, 42, 44).

The Magistrate Judge recommended acceptance of the guilty plea. Del Valle filed written objections to the PSR, and urged the district court to embrace the plea agreement hammered out between the parties (Docs. 13, 18, 22, 23, 28 in Cr B-01-318).

On October 10, 2001, the court adopted the Magistrate Judge's report. Leave was granted for objections to the PSR to be considered, and the court accepted the plea agreement between the parties. The court found the score at level 12 with a punishment range of 10 to 16 months. He was sentenced to concurrent 10-month terms of imprisonment followed by a three-year supervised release term. The cost assessments were remitted (Docs. 28, 29 in CR B-01-318; Sentencing transcript in CR B-01-318, pp. 2-11). No appeal ensued.

On May 11, 2002, the government moved to revoke Del Valle's term of supervised release based upon an allegation of illegal reentry occurring on May 7, 2002 in violation of 8 U.S.C. §§ 1326(a, b) (Doc. 30, CR B-01-318). Del Valle pled true to the allegations in the petition (Sentencing transcript, p. 5 in CR B-01-318). His probation was revoked on March 31, 2003, and he received a 10 month term of imprisonment to run consecutive with the punishment imposed in CR B-02-323-01(Doc. 38 in CR B-01-318; Sentencing transcript in CR B-02-323, pp. 5-6).

## Consecutive Sentence (CR B-02-323)/Revocation (CR B-01-318)

At sentencing held on March 31, 2003, the court overruled the objection to the 16 level enhancement and adopted the PSR and addenda in CR B-02-323. The court also embraced its findings in the PSR and addenda in CR B-01-318. Del Valle was sentenced to 80 months imprisonment, and imposed the 10 month sentence in CR B-01-318 consecutive to the 80 month sentence imposed in CR B-02-323. A fine of $2500 and a $100 special cost assessment was imposed in CR B-02-323. The court also imposed a three-year supervised release term (4 R40487. 7-12).Del Valle unsuccessfully appealed the revocation of his supervised release term. *United States v. Del Valle*, no. 03-40470, 2003 WL 22454584 (5th Cir. October 29, 2003) (Doc. 48). His appeal in no. 03-40487 was also unsuccessful. *United States v. Del Valle*, no. 03-40487(5th Cir. October 29, 2003). The Supreme Court denied petition for writ of certiorari on March 1, 2004. *Del Valle v. United States*, 124 S.Ct. 1430 (2004).

Del Valle filed a motion to vacate sentence on June 28, 2004 (Doc. 1 in CA B-04-19). The government submits this answer and motion to dismiss.

4.

## ALLEGATIONS

Del Valle does not attack his conviction or sentence in CR B-01-318 or CR C-02-301. His motion to vacate sentence is exclusively focused upon the sentence imposed in CR B-02-323.

Del Valle alleges his trial counsel and appellate counsel failed to object to or challenge on appeal the denial of a three-level reduction for acceptance of responsibility and the two-level upward adjustment for obstruction of justice based upon his escape offense. He argues that he was promised a three-point reduction for acceptance of responsibility when he pled guilty on July 23, 2002 and was induced to plead guilty by the promise. He does not identify who made the "promise", but argues that the prosecutor, defense counsel and the Judge failed him by not warning him he would not receive "the promised reduction". He also claims that he received multiple punishments because he was charged with a third offense of escape in the Corpus Christi Division of the Southern District of Texas in CR C-02-301-01.

In his second ground of error alleging ineffective assistance of counsel, Del Valle faults the trial court's imposition of "multiple punishments" because he

ultimately was convicted of escape.  In this regard, he complains that appellate counsel did not attack the obstruction of justice enhancement as a ground for appeal.

5.

The pleading under 28 U.S.C. §2255 is timely, having been filed before the one-year expiration period, including the period within which Del Valle filed his petition for writ of *certiorari*.  *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000).  The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996).  Del Valle is currently incarcerated a United States Bureau of Prisons facility in Beaumont, Texas.  He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Brownsville Division of the Southern District of Texas.  A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted).  Relief under a §2255 motion "is warranted for errors that occurred  at trial or sentencing." *Id*.  He seeks relief from his conviction and sentence, and the relief sought under § 2255 is appropriate .

9

6.

## Ineffective assistance of counsel claim

Del Valle is required to "show that: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different." *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991)(citations omitted). Those requirements are based upon a showing that trial counsel's performance was constitutionally deficient, and that deficiency prejudiced the defendant. *See United States v. Reinhart*, 357 F.3d 521, 524 & n.8 (5th Cir. 2004)(citing, *inter alia, Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) and *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)). "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999)(citations omitted).

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient

performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987); *see also United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); *United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993)(citations omitted).

7.

**Underlying Facts**

Del Valle is a citizen of Mexico. His alien registration number is A78930400 (PSR in CR B-02-323, p. 2; PSR in CR B-01-318, p. 2). He was convicted of transporting an undocumented alien on October 10, 2001 in CR B-01-318. The evidence reflected that Del Valle was to receive $1,000 after transporting the alien to Houston, Texas (Doc. 11; Rearraignment transcript, p. 19 ("Yes, [the aliens] were willing to pay me."; PSR to CR B-01-318, ¶7). Del Valle was even admonished about the "for profit" motive during his rearraignment (Rearraignment transcript to CR B-01-318, pp. 8-9). Del Valle was later revoked on his supervised release, following the service of a 10 month term of imprisonment, on March 31, 2003 after pleading true to the allegations contained in the revocation petition (Sentencing transcript to CR B-03-323, pp. 5-6, 12).

On May 7, 2002, Del Valle approached the Sarita Border Patrol Checkpoint facility in Kenedy County, Texas. It was learned that he was an undocumented alien

11

and had been previously deported to Mexico on March 18, 2002. He unlawfully returned to the United States. Del Valle admitted returning to the United States without permission from the Attorney General of the United States following his conviction for an aggravated felony offense of transporting illegal aliens (PSR to CR B-02-323, ¶¶5-12; Rearraignment transcript to CR B-02-323, pp. 37-39).

8.

Del Valle's argument that he was "promised" a reduction for timely acceptance of responsibility is based upon a flawed premise. There was no agreement in CR B-02-323 to grant him a reduction for timely acceptance of responsibility. He does not identify who purportedly promised him a reduction, and the record affirmatively reflects that the magistrate judge, and by adoption of its report, the district court, admonished him about the possible punishment range in the context of a plea agreement that was limited to the dismissal of the remaining charge against him. Hence, no party was obligated to advise him that he did not qualify for the reduction when he committed obstruction of justice by escaping.

The obstruction of justice offense justified the denial of a reduction for acceptance of responsibility. *See United States v. Echegolen-Barrueta*, 195 F.3d 786, 788 (5th Cir. 1999). Counsel did not render deficient representation for failing to make a frivolous objection. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th

12

Cir. 1995)(5th Cir. 2000)("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) (defense counsel not required to make frivolous arguments). The same concept applies to appellate choices. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)("Counsel does not need to "raise every nonfrivolous ground of appeal available".). There is no showing that counsel's failure to object or raise a sentencing guideline application complaint on appeal demonstrates a deficiency below the objective standard of reasonableness. *See Id.* (quoting rule). No error and no prejudice has been shown.

With regard to "multiple punishments", the Double Jeopardy Clause prohibits courts from punishing defendants twice for the same offense. *See, e.g., Ex parte Lange*, 85 U.S. (18 Wall.) 163, 176 (1873). Nevertheless, uncharged relevant conduct may be relied upon to determine a defendant's sentence under the Sentencing Guidelines and does not violate double jeopardy proscriptions. *See Witte v. United States*, 515 U.S. 389, 397-406, 115 S.Ct. 2199, 2204-09 (1995). Hence, double jeopardy is no bar to the sentence enhancement for possessing a firearm during a drug offense although the defendant was previously convicted for possession of the same firearm. *United States v. Gibbs*, 190 F.3d 188, 215-16 (3d Cir. 1999); *accord United States v. Solis*, 299 F.3d 420, 434 (5th Cir. 2002) (no double jeopardy violation where

13

indictment for conduct used as relevant conduct in sentencing in previous indictment).

Furthermore, the Double Jeopardy Clause protects against a second prosecution after acquittal or conviction, and against multiple punishments, for the same offense. *Monge v. California*, 524 U.S. 721, 727-28, 118 S.Ct. 2246 (1998). Yet, sentence enhancements are not usually construed as additional punishment for the previous offense, but are an increase in a sentence due to the manner in which the defendant committed the crime of conviction. *Id.* at 728. Since Del Valle escaped while pending sentence in the instant case, he qualified for a two-level upward adjustment in his total offense level pursuant to USSG § 3C1.1, comment. (n.4). In a separate, proceeding, Del Valle was charged and convicted of escape. If he wanted to raise a double jeopardy argument, he should have raised it in the escape prosecution in the Corpus Christi Division. Double Jeopardy protections are not triggered until a second prosecution commences. *See Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir. 1987).  No error or prejudice has been shown by counsel's failure to object to the sentencing guideline applications. *See United States v. Hawley*, 93 F.3d 682, 688 (10th Cir. 1996)(discussing *Witte*)("The enhancement of Hawley's sentence under USSG § 3C1.1 was punishment for the underlying offense to which he pleaded guilty, not punishment for failing to appear.").

14

9.

Del Valle argues that he was "induced" into pleading guilty with the "promise" he would receive a three-level reduction for timely acceptance of responsibility. Assuming, *arguendo*, that he in fact was promised a reduction, Del Valle's subsequent conduct terminated any reasonable expectation that he would continue to receive the benefit of such "promise". Escape is an enumerated offense that triggers the application of the obstruction of justice enhancement under USSG § 3C1.1, comment. n.4(e). *United States v. Chavarria*, 377 F.3d 475, 479 (5th Cir. 2004). Denial of a reduction for acceptance of responsibility is justified "ordinarily" where the § 3C1.1 enhancement is applied.  USSG § 3E1.1, comment. n.4; *Echegolen-Barrueta*, 195 F.3d at 788.

10.

The four grounds justifying relief under 28 U.S.C. § 2255 are (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. § 2255 (2000); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).   After a conviction and exhaustion or waiver of any right to appeal, a court is usually "entitled to presume

that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584,1592-93 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). Thus motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346 , 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594, or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder] would have convicted him." *Id.* (citations and quotations omitted).

16

**Del Valle** has failed to meet these requirements on all counts. He has not established any "promise" existed for him to receive a guaranteed reduction for timely acceptance of responsibility without earning it, or that he would not have entered a guilty plea when there was no term or condition of a plea agreement that guaranteed his three-level reduction. No double jeopardy violation occurred here, thereby underscoring the absence of a violation of his rights against multiple punishments. Finally, Del Valle's own misconduct while pending sentencing in CR B-02-323 demonstrates the absence of any attorney error or prejudice in pursuing frivolous claims.

11.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 & ns.16-17 (5th Cir. 1995)(citations omitted); *United States v. Bartholomew*, 974 F.2d 39,41-42 (5th Cir. 1992). Del Valle alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. The record and applicable law refutes Del Valle's allegations. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

17

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Del Valle's §2255 petition be dismissed or, in the alternative, be subject to summary dismissal.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division

TONY R. ROBERTS
Deputy Chief, Appellate Division
Assistant United States Attorneys

JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
Federal Bar No. 9311
(713) 567-9201

18

## CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney,  certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, October 19, 2004, addressed to:

Noe Del Valle-Mejia
No. 11233-179
FCI–Medium
PO Box 26040
Beaumont, TX 77720

Jeffery A. Babcock
Assistant U.S. Attorney

19