OPINION

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

NOE DEL VALLE-MEJIA,    §
   Movant,      §
             §
v.           §   CIVIL ACTION NO. B-04-147
             §    (CR. NO. B-02-323)
UNITED STATES OF AMERICA, §
   Respondent.    §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Noe Del Valle-Mejia's (hereinafter Movant) "Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255" (Docket No. 1) and Movant's memorandum in support thereof (Docket No. 2).  The Government has filed a response accompanied by a motion to dismiss (Docket No. 5), to which the Movant has responded with a "Reply to the Government's Answer" (Docket No. 6).  For the following reasons, the Government's motion to dismiss should be GRANTED and the relief sought by Movant should be DENIED.

## BACKGROUND

On June 4, 2002, Movant was charged in the Southern District of Texas, Brownsville Division, with illegally re-entering the United States (Count One) and falsely claiming to be a United States citizen (Count Two) in violation of 8 U.S.C. § 1326(a)-(b) and 18 U.S.C. § 911, respectively.  Movant pleaded guilty to the charges without the benefit of a plea agreement on July 23, 2002.  On March 31, 2003, the Government agreed to dismiss Count Two and Movant was subsequently sentenced to an 80 month term of imprisonment to be followed by a 3 year

term of supervised release.  Movant was also ordered to pay a $2,500 fine and a $100 special

assessment fee.

Movant filed a notice of appeal on April 1, 2003, which was dismissed by the United

States Court of Appeals for the Fifth Circuit on November 24, 2003.  The § 2255 motion now

before the Court was filed on June 28, 2004 (Docket No. 1) and was accompanied by a

supporting memorandum (Docket No. 2).  The Government filed an answer and a motion to

dismiss (Docket No. 5) on October 19, 2004 to which the Movant filed a response (Docket No.

6) on November 9, 2004.

## ALLEGATIONS

In his initial motion, Movant claims he is entitled to relief because the following:

1.     The district court abused it discretion by failing to award Movant a three-point
       downward departure for acceptance of responsibility.

2.     The district court's consideration of Movant's escape offense to enhance
       Movant's sentence constitutes a double jeopardy violation.

3.     He received ineffective assistance because his trial counsel failed to object or
       appeal the district court's imposition of a two point enhancement for obstruction
       of justice and the denial of a three point downward departure for acceptance of
       responsibility.

4.     Movant was improperly induced to plead guilty by the promise of a sentence
       reduction.

In his reply to the Government's answer and motion to dismiss, Movant also claims that

the district court improperly enhanced his sentence.  He bases this final claim on the Supreme

Court's recent decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v.*

*Booker*, 125 S. Ct. 738 (2005).

**DISCUSSION**

I.    **Movant's Sentence**

i.    Downward Departure and Sentence Enhancement Issues

Movant alleges that the district court erred by refusing to grant him a three point sentence reduction for acceptance of responsibility and by enhancing his sentence because of an escape offense. Movant's claims concern the district court's technical application of the Sentencing Guidelines. It is well established that such challenges are not cognizable in a § 2255 motion. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132, 121 S. Ct. 894 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Unites States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Movant was sentenced within the Guideline range and the district court's technical application of the Guidelines does not give rise to a constitutional issue.

Even if the Court assumes, arguendo, that Movant's claim is cognizable under § 2255, his claim does not warrant relief. It is clear from the record that Movant escaped from custody while awaiting sentencing. United States Sentencing Guidelines (U.S.S.G.) § 3C1.1 authorizes a two level increase for "obstruction of justice" if a defendant escapes or attempts to escape from custody before trial or sentencing. U.S.S.G. § 3C1.1 n. 4 (2005); *see also United States v. Andrews*, 390 F.3d 840, 848 (5th Cir. 2004). Furthermore, a defendant who enters a guilty plea is not entitled to a three level downward adjustment as a matter of right. U.S.S.G. § 3E1.1 n. 3 (2005). The district court acted well within its discretion in denying the three level downward departure for acceptance of responsibility after Movant's escape. Accordingly, Movant's claim that the district court erred by enhancing his sentence based on his escape and by not granting a

three level downward departure for acceptance of responsibility is meritless. He can prove no set of facts that would entitle him to relief on these claims and they should be dismissed. *Shipp v. McMahon,* 234 F.3d 907, 911 (5th Cir. 2000).

ii.    Double Jeopardy

Movant also argues that the district court's imposition of a two level sentence enhancement for his escape offense violates the Double Jeopardy Clause of the Fifth Amendment. According to the Supreme Court, sentence enhancements should not be "construed as additional punishment for [a] previous offense." *Monge v. California*, 524 U.S. 721, 728 (1998)(internal quotations omitted). Instead, they act to increase a sentence because of the manner in which the defendant committed the crime. *Id.* As mentioned above, U.S.S.G. § 3C1.1 authorizes the two level increase Movant received. He was not subject to multiple prosecutions for the same offense after conviction nor was he assessed multiple criminal punishments for the same offense. *Monge*, 524 U.S. at 727-728. Accordingly, Movant can prove no set of facts that would entitle him to relief based on a double jeopardy allegation and his claim should be dismissed. *Shipp,* 234 F.3d at 911.

iii.    Movant's *Booker* Argument

In his reply to the Government's answer and motion to dismiss, Movant alleges that his sentence is unconstitutional in light of the Supreme Court's recent decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). In *Blakely,* the Supreme Court held that sentence enhancements allowed by the Washington Sentencing Reform Act, which were not based on facts admitted by the defendant or found by a jury, violated the Sixth Amendment to the United States Constitution. 124 S. Ct. at 2538.

4

Recently, the Supreme Court extended this holding, in *Booker*, to invalidate the mandatory provisions of the Federal Sentencing Guidelines. 125 S. Ct. 738.  In *Booker*, the Supreme Court explicitly states that "we must apply today's holdings -- both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act -- to all cases on *direct review*."  125 S. Ct. at 769 (emphasis added).  Furthermore, the Fifth Circuit has held that *Booker* "does not apply retroactively [to cases] on collateral review".  *In re Elwood*, – F.3d –, 2005 U.S. App. LEXIS 7343, *6-*7 (5th Cir. Apr. 28, 2005). Thus, the Supreme Court did not intend for *Booker* to apply retroactively to convicted defendants in Movant's situation and his arguments to the contrary lack merit.

**II.     Ineffective Assistance of Counsel Claims**

i.     Ineffective assistance of counsel standards

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a

convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.*

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom*, 126 F.3d at 721; *Green*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484

6

U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

In *Hill v. Lockhart*, the Supreme Court explained how the two-part[1] *Strickland* test for determining ineffective assistance of counsel should be applied in cases where a movant entered a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Under the interpretation of the *Strickland* test set out in *Hill*, a movant "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead*, 37 F.3d at 206. In order to show attorney error, a movant must establish that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases". *Hill*, 474 U.S. at 58-59. To satisfy the "prejudice" prong, a movant must affirmatively prove that "there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *Armstead,* 37 F.3d at 206. Thus mere allegations of prejudice are not sufficient. *Armstead,* 37 F.3d at 206. Furthermore, the Court's determination of prejudice must take into account what the likely outcome of a trial would have been. *Armstead*, 37 F.3d at 206. In *Lockhart v. Fretwell*, the Supreme Court further refined the test by requiring courts to determine whether counsel's deficient performance, "caused the outcome to be unreliable or the proceeding to be fundamentally unfair," even in cases where a movant pleaded guilty. 506 U.S. 364, 372 (1993).

---

[1] (1) deficient performance and (2) actual prejudice. *Strickland*, 466 U.S. 668.

7

ii.     Counsel's Failure to Object or Appeal

Movant faults his counsel for failing to object to the district court's imposition of a two level sentence enhancement based on his escape offense and for not objecting to the denial of a three level downward departure for acceptance of responsibility.  He also alleges that his attorney should have raised these issues on appeal.  As mentioned above the district court's imposition of a two level enhancement and refusal to grant a downward departure were appropriate exercises of discretion given Movant's escape offense.  Accordingly, any objection to the district court's application of the sentencing guidelines would have been frivolous.  It is well established that an attorney does not perform deficiently by failing to make a frivolous objection.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990); *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).  The same reasoning applies to choices made upon appeal.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Accordingly, Movant has not shown that his trial or appellate counsel's representation fell below an objective standard of reasonableness.  Movant can prove no set of facts that would entitle him to relief on these claims and they should be dismissed.  *Shipp,* 234 F.3d at 911.

iii.    Movant's Guilty Plea

In his final claim, Movant alleges that he was improperly induced to plead guilty by his attorney's and the Government's promises that he would receive a three level downward departure for acceptance of responsibility at sentencing. As the Fifth Circuit notes in *United States v. Cervantes,* "[t]o be constitutionally valid, a guilty plea must be knowing and voluntary."  132 F.3d 1106, 1110 (5th Cir. 1998).  Movant offers no evidence, aside from unverified allegations, that he was coerced or otherwise forced into signing his plea agreement.

8

In fact, Movant explicitly acknowledged that he did not plead guilty because of a promise made to him by the Government.  At rearraignment the Court stated the following: "Mr. Del Valle, the Government has told me, and your attorney has confirmed, that there is no plea agreement in your case.  You're pleading guilty without any promises of any kind with regard to your sentence... Do you understand that, sir?", to which Movant responded "Yes, sir." (Docket No. 28 at 13).  It is well settled that a movant's declarations in open court carry a strong presumption of verity, forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Movant has offered no reason for the Court to question this presumption.

Even if we assume, arguendo, that Movant's attorney and the Government promised him a three level downward departure, his claim still fails.  As discussed above, Movant was denied the three level departure because of his escape offense, not because of any action by his attorney or the Government.  As such, he has no one to blame but himself for the loss of his downward departure.  He has not shown that his attorney's behavior or that of the Government was deficient in any way.  Movant can prove no set of facts that would entitle him to relief on his final claim and therefore it is ripe for dismissal.  *Shipp,* 234 F.3d at 911.

**III.    Evidentiary hearing**

In the instant case the record  is clearly adequate to dispose fairly of the Movant's allegations.  As such, an evidentiary hearing is unnecessary.  *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## RECOMMENDATION

For the aforementioned reasons, the Government's motion to dismiss (Docket No. 5)

should be GRANTED. Accordingly, Movant's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED and DISMISSED.

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 22nd day of June, 2005.

_____
Felix Recio
United States Magistrate Judge