UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

\* \* \* \* \*

| | |
|---|---|
| NOE DEL VALLE-MEJIA, ) | |
|    Defendant/Movant, ) | Civil No. B-04-147 |
| vs. ) | USDC No. B-02-323 |
| UNITED STATES OF AMERICA, ) | Objections |
|    Plaintiff/Respondent. ) | |

United States District Court
Southern District of Texas
FILED

JUL 0 8 2005

Michael N. Milby
Clerk of Court

## MOVANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**COMES NOW,** Noe Del Valle-Mejia, pro se Movant in the above styled Objections, hereby respectfully asserting that he maintains his position in his original § 2255 Motion, and subsequent Reply Brief, with the inclusion of the following that is necessary to clarify and rebut the Magistrate Judge's Report and Recommendation.

In regards to Movant's argument on the (-3) point reduction for acceptance of responsibility, the Magistrate fails to address or recognize the fact that the promise of a (-3) point reduction for acceptance of responsibility was the quid pro quo, and the primary consideration that induced Movant into pleading guilty. Had the Court, the prosecution or defense counsel advised Movant that he would not receive the (-3) point reduction, that Movant reasonably understood he would receive in exchange for his plea of guilty, Movant would have pled not guilty and insisted on going to trial. Therefore, based on the facts and circumstances of this case, and in the interest of fundamental fairness, the district court should either allow Movant to withdraw his plea, or give Movant a (-3) point reduction for acceptance of responsibility.

(1)

Additionally, another point that the Magistrate Judge fails to address or recognize is the fact that Movant's escape resulted in additional charges and a separate consecutive sentence, in case number "C-02-00301-001," which prohibits the district court from applying an additional enhancement for obstruction of justice, based on the same escape, because it clearly amounts to double counting and multiple punishments for the same offense, which is a double jeopardy violation, and offends the very principles that the United States Constitution was founded on. Logic and reason dictate that Movant should not be punished twice for the same act or conduct. Which is supported by the fact that the Sentencing Guidelines § 3C1.1, Application Note (6), states in part that "[w]here the defendant is convicted of an offense... this adjustment is not to be applied to the offense level..."

The Magistrate has additionally misconstrued Movant's **Apprendi** claims by stating they are **Blakely** and **Booker** claims. This is incorrect. Movant is clearly raising an **Apprendi** challenge to his sentence. It is without question that the Supreme Court ruling in **Apprendi** was available when Movant was sentenced and when Movant's direct appeal was available. It is also without question that the **Apprendi** ruling clearly applies to "the assessment of facts that increase the **prescribed range of penalties** to which a criminal defendant is exposed." 147 L.Ed.2d at 455.

Therefore, it is through no fault of Movant's that the Courts, and his counsel, incorrectly determined the reach and application of **Apprendi** to only apply to the "statutory maximum," rather than the Sentencing Guidelines **"prescribed range of penalties,"** as the Supreme Court discussed in **Apprendi**. Obviously, Movant's claim is an **Apprendi** claim, and Movant cannot reasonably or constitutionally be penalized, or procedurally barred, because the Courts, and defense counsel, were wrong in their interpretation of **Apprendi**, because anyone who reads the plain language of **Apprendi** can clearly see that it applies to the **"prescribed range of penalties."**

Movant's argument is wholely and completely reliant on the plain language of **Apprendi**, not **Blakely** or **Booker**.

Movant only cites the **Blakely** decision to prove that the Court, and defense counsel, were wrong in their analysis and application of **Apprendi.** The Court in **Blakely** stated that "[o]ur precedents make clear... that the 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without additional findings." 159 L.Ed.2d at 413-14.

**Apprendi** is the controlling case in this instance, **Blakely** only proves that the Court and defense counsel were clearly wrong in their interpretation of **Apprendi,** and the **Booker** decision merely points out that the Courts were wrong again when they ruled that **Blakely** did not apply to the Federal Sentencing Guidelines.

**Apprendi** was not changed or overruled by **Blakely** or **Booker.** **Blakely** and **Booker** merely prove and clarify the fact that the Courts and Movant's counsel were wrong, and in the interest of fundamental fairness, Movant should not be penalized or procedurally barred because of the Courts error and counsel clear ineffectiveness.

Movant's sentence violates his Fifth Amendment due process and Sixth Amendment right to a jury determination to all facts essential to the punishment as defined by **Apprendi,** which supports Movant's position that counsel provided ineffective assistance of counsel by failing to "properly" object to the **Apprendi** errors and for failing to appeal the **Apprendi** errors, which warrants a review of the merits of Movant's **Apprendi** claims.

As to Movant's ineffective assistance of counsel claims, as required by the Supreme Court ruling in **Strickland v. Washington,** Movant has identified the "acts or omissions" of cousnel, as discussed above, that were not the result of reasonable professional judgment, and established that there is a "reasonable probability" that, but for counsel's unprofessional errors the result of the proceedings would have been

different, i.e., either Movant would have pled not guilty and insisted on going to trial, or would have received a lesser sentence. It is well established that the "reasonable probability" standard "is a lower burden of proof than the preponderance of evidence standard." **Bouchillon v. Collins**, 907 F.2d 589, 595 (5th Cir. 1999). And the Supreme Court has held that "any amount of actual jail time has Sixth Amendment significance... if an increased prison term did flow from an error than petitioner has established **Strickland** prejudice." **Glover v. United States**, 531 U.S. 198, 148 L.Ed.2d 604, 611, 121 S. Ct. 696 (2001).

Based on the facts and circumstances of this case, and the standards set forth above and in Movant's § 2255 Motion and Reply Brief, Movant has established cause and prejudice, which warrants review of the merits of Movant's claims, at a minimum, or an evidentiary hearing where Movant can further advance his claims with the benefit of counsel, or the Court should grant Movant the relief he is requesting.

## CONCLUSION

Wherefore, Movant prays that this Honorable Court will grant him the relief he is requesting and any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Noe Del Valle

_____
Noe Del Valle-Mejia

# CERTIFICATE OF SERVICE

I, Noe Del Valle-Mejia, pro se Defendant/Movant in the foregoing Movant's Objections to the Magistrate Judge's Report and Recommendation, hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and two true and correct copies of said Objections to the following:

Clerk of the Court
105 Federal Building
500 E. 10th Street
Brownsville, TX 78520

and one copy to counsel for the government:

Jeffery A. Babcock
Assistant U.S. Attorney
600 E. Harrison St., #201
Brownsville, TX 78520-7114

on this 29th day of June, 2005.

*[signature: Noe del Valle]*

Noe Del Valle-Mejia
Reg. #11233-179
F.C.I. - Medium
P.O. Box 26040
Beaumont, TX 77720