UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

\* \* \* \* \*

| | | |
|---|---|---|
| NOE DEL VALLE-MEJIA, | ) | |
| Appellant, | ) | Civil No. B-04-147 |
| vs. | ) | USDC No. B-02-323 |
| UNITED STATES OF AMERICA, | ) | (COA) |
| Appellee. | ) | |

United States District Court
Southern District of Texas
FILED
SEP 0 1 2005
Michael N. ...
Clerk of Court

## CERTIFICATE OF APPEALABILITY

**COMES NOW,** Noe Del Valle-Mejia, pro se Appellant in the above styled action, hereby respectfully requesting that this Honorable Court grant the Appellant a Certificate of Appealability (COA), because the following brief will show that Appellant "has made a substantial showing of the denial of a constitutional right," as required under Title 28 U.S.C. § 2253(c)(2), for the issuance of a (COA). To make such a showing, Appellant need only establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaneil, 529 U.S. 473, 146 L.Ed.2d 542, 549, 120 S. Ct. 1595 (2000). Quoting, Barefoot v. Estelle, 463 U.S. 880, 893, 77 L.Ed.2d 1090, 1104, 103 S. Ct. 3383, 3394 (1983), where the Court held that Appellant "need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that the Court should resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."

The Fifth Circuit has held that "[i]n deciding a request for a certificate of appealability, we ask if a petitioner has made a substantial showing of the denial

of a constitutional right. [Appellant] need not convince a judge, or, for that matter, three judge's, that he... would prevail, but must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." **Barraza v. Cockrell**, 330 F.3d 349, 351 (5th Cir. 2003).

Appellant asserts that, under the standards set forth above, the district court's denial of his § 2255 Motion is debatable because, in regards to the district court's failure to give Appellant a (-3) point resuction for acceptance of responsibility, the district court ignored and failed to address the fact that the promise of a (-3) point reduction for acceptance of responsibility was the quid pro quo, and primary consideration that induced Appellant into pleading guilty. Without the (-3) point reduction, Appellant had no incentive to plead guilty. As Appellant discussed in is initial § 2255 Motion, and subsequent pleadings, if the Court, the prosecution, or defense counsel would have informed Appellant, prior to the guilty plea, that Appellant would _not_ receive the (-3) point reduction for acceptance of responsibility, Appellant would have pled not guilty and insisted on going to trial.

Additionally, the Sentencing Guidelines on this point is clearly in support of Appellant's position. As the record reflects, Appellant was convicted of an escape, which prohibits the district court from giving Appellant a (+2) point enhancement for that escape, and also prohibits the district court from taking Appellant's (-3) point reduction for acceptance of responsibility, which was based on the (+2) point enhancement for the escape that resulted in a separate conviction.

The United States Sentencing Guidelines § 3C1.1, Application Note (6), states in part that "[w]here the defendant is convicted of an offense... this adjustment is not to be applied to the offense level..."

Obviously the (+2) point enhancement for the escape, that Appellant was duly convicted of, was the reason that the district court denied Appellant his (-3) point reduction for acceptance of responsibility. The (+2) point enhancement for the escape is clearly invalid because Appellant was convicted of the escape,

(2)

which clearly invalidates the district court's reason for denying Appellant his (-3) point reduction for acceptance of responsibility.

Therefore, not only would Appellant have pled not guilty and insisted on going to trial if he would have been informed that he would not receive the promised (-3) point reduction for acceptance of responsibility, the district court's reasoning for the denial of the (-3) points is flawed, as well, and cannot withstand constitutional scrutiny. The district court's decision to the contrary is certainly debatable, because counsel was certainly ineffective for not properly advising Appellant and for failing to appeal this meritorious issue.

Additionally, Appellant argued that counsel was ineffective for failing to raise an **Apprendi** claim on direct appeal. **Apprendi** because available in 2000, and Appellant was not sentenced until **March 31st, 2003**. Therefore, **Apprendi** was available to counsel and counsel failed to appeal Appellant's sentence under the principles set forth by the Supreme Court in **Apprendi**, where the Court held that the reasoning in **Apprendi** applies to "the assessment of facts that increase the **prescribed range of penalties** to which a criminal defendant is exposed." 147 L.Ed.2d at 455.

Based on the plain language in **Apprendi**, any reasonable and competent attorney should have concluded that **Apprendi** applied to the **"prescribed range of penalties,"** i.e., the Sentencing Guidelines range. And the proof is in the subsequent **Apprendi** rulings by the Supreme Court, where it was determined that **Apprendi** applies to the Sentencing Guidelines range, before any additional enhancements, rather than the statutory maximum.

Since **Apprendi** was available before Appellant was sentence and his conviction and sentence were not yet final, there is no question of retroactivity in this case, the only determination is, whether counsel was ineffective for failing to raise an **Apprendi** challenge.

Therefore, the district court's decision to construe Appellant properly submitted **Apprendi** claim, as a **Blakely** and **Booker** claim, just to deny it, rather than address

(3)

the merits of Appellant's **Apprendi** claim, is at a minimum, debatable as required for the issuance of a COA.

The standard for determining an ineffective assistance of counsel claim is whether there is a "reasonable probability" of a different outcome. A "reasonable probability," is a "probability sufficient to undermine confidence in the outcome of the proceeding," or in the Appellant's decision to plead guilty. **Strickland v. Washington, 466 U.S. at 694**; see also, **Hill v. Lockhart, 474 U.S. at 59**. It is well established that this reasonable probability standard "is a lower burden of proof than the preponderance of evidence standard." **Bouchillo v. Collins, 907 F.2d 589, 595 (5th Cir. 1990)**. Under this low standard, Appellant met his burden of establishing ineffective assistance of counsel, which requires a review of the merits of his claims and warrants relief.

Additionally, the district court abused its discretion by failing to conduct an evidentiary hearing on Appellant's claims, as required under, **United States v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991)**, where the Court held that "[w]here, as here, the allegations in the § 2255 motion are not negated by the record, the district court must hold an evidentiary hearing."

## CONCLUSION

Wherefore, Appellant prays that this Honorable Court will grant him a (COA), and any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Noe Del Valle*
Noe Del Valle-Mejia

(4)

## CERTIFICATE OF SERVICE

I, Noe Del Valle-Mejia, pro se Defendant/Appellant in the foregoing Notice of Appeal and Certificate of Appealability, hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and two true and correct copies of said Motion to the following:

Clerk of the Court
105 Federal Building
500 E. 10th Street
Brownsville, TX 78520

and one copy to counsel for the government:

Jeffery A. Babcock
Assistant U.S. Attorney
600 E. Harrison St., #201
Brownsville, TX 78520-7114

on this 16th day of August, 2005.

*/s/ Noe Del Valle*

Noe Del Valle-Mejia
Reg. #11233-179
F.C.I. - Medium
P.O. Box  26040
Beaumont, TX 77720