OPINION
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOE DEL VALLE-MEJIA, | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-04-147 |
| UNITED STATES OF AMERICA | § | (CR. NO. B-02-323) |
| Respondent. | § | |
| | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## REGARDING CERTIFICATE OF APPEALABILITY

On June 22, 2005, this Court recommended that the district court deny habeas relief in the above-styled civil cause number (Docket Entry No. 7). On August 10, 2005, the district court adopted this Court's Report and Recommendation and entered an order denying habeas relief and dismissing the case (Docket Entry No. 11). Noe Del Valle-Mejia (hereinafter Movant) has since filed a Notice of Appeal (Docket Entry No. 12), which caused the district clerk's office to forward the record to the Fifth Circuit. Accordingly, this Court did not have the opportunity to treat the Movant's Notice of Appeal as a request for Certificate of Appealability ("COA") as required by circuit precedent and the rules of procedure. *See* F.R.A.P. Rule 22(b); *U.S. v. Youngblood*, 116 F.3d 1113 (5th Cir. 1997). As the Fifth Circuit has made clear, appellate review of this case cannot proceed until this Court rules on the issuance of a COA. For the reasons set out below, Movant's request for a COA should be denied.

## ANALYSIS

A COA may issue only if the Movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

Movant's habeas petition include the following allegations: that the district court abused its sentencing discretion, a double jeopardy violation, ineffective assistance of counsel, and improper inducement of a guilty plea. His petition was denied, however, based on the fact that his claims neither gave rise to constitutional issues nor warranted relief. *See* docket Entry No. 7 at pages 3-9; *see also* Docket Entry No. 11 (adopting magistrate's report and recommendation.)

Movant's allegations relating to abuse of discretion by the district court and a double jeopardy violation stem from the district court's technical application of the sentencing guidelines. Specifically,

that district court erred by refusing to grant him a three point sentence reduction and for enhancing his sentence due to an escape offense. The record indicates that Movant escaped from custody while awaiting his sentence. Movant's main argument for relief is based on his acceptance of responsibility subsequent to this escape. *See* Docket Entry No. 7 at pages 3-4. Movant also argues that the district court's two level sentencing enhancement for his escape violation offends the Double Jeopardy Clause of the Fifth Amendment.

In general, Movant's construction of the law is misguided. First, there is no legal basis for relief entitled to Movant based solely on his acceptance of responsibility for his escape. Second, as the Court clarified, the two level sentence enhancement does not subject Movant to multiple prosecutions for the same crime. Rather, the sentence enhancement serves as an increased sentence due to the manner in which the defendant committed the crime. *See* Docket Entry No. 7 at 4.

Movant raises allegations relating to ineffective assistance of counsel. The Court, however, rejected his arguments because Movant failed to present facts that would establish either deficient performance or prejudice under the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also* Docket Entry No. 7 at 6. Movant also argued that his guilty plea was improperly induced by his attorney. Further, Movant claims that the Government promised he would receive a three level downward departure for acceptance of responsibility at sentencing. *See* Docket Entry No. 7 at 8. However, the Court determined that Movant presented only unverified allegations in support of this argument. Additionally, Movant explicitly declared in court that he did not plead guilty as a result of any Governmental inducement or promise. *See* Docket Entry No. 7 at 8-9. Therefore, the Court's ultimate determination for dismissal was that Movant proved no set of facts entitling him to relief on any of his claims.

After reviewing the Movant's habeas claims –as well as this Court's rulings in regard to said claims– the Court is confident that no reasonable jurist could disagree with the Court's resolution of Movant's constitutional claims. Although Movant's petition raises important issues that are deserving of this Court's careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Request for COA should be denied. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that the Movant's request for COA be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 11th day of October 2005.

_____
Felix Recio
UNITED STATES MAGISTRATE JUDGE