IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2005

Michael N. Milby
Clerk of Court

NOE DEL VALLE-MEJIA, )
)
    Movant, )
)
v. )  Civil Action No. B-04-147
)  (CR. No. B-02-323)
UNITED STATES OF AMERICA, )
)
    Respondent. )

### MOVANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT REGARDING CERTIFICATE OF APPEALABILITY

COMES NOW, NOE DEL VALLE-MEJIA, pro se Movant in the above styled action, and respectfully enters his objections to the **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY**, in which Magistrate Judge Felix Recio has recommended to the United States District Court for the Southern District of Texas, that a Certificate of Appealability (hereafter COA) should not issue in the above styled civil action. The Movant states the following:

### MAGISTRATE RECIO'S OPINION BELOW

On June 22, 2005, United States Magistrate Judge Felix Recio recommended that the district court deny the habeas relief sought by the Movant pursuant to 28 U.S.C. § 2255 in the above styled civil action. On August 10, 2005, the district court adopted the Magistrate's report and entered an order denying habeas relief and dismissing the case. After some confusion regarding the Movant's **Notice of Appeal**, the Magistrate Judge, following F.R.A.P. Rule 22(b) accepted the Movant's above referenced Notice as a Request for a COA, which was wholly proper. On October 11, 2005, Magistrate Recio issued his Opinion on the matter, and recommended that a COA should not issue in the above styled action.

1

Magistrate Recio based his opinion on two issues. First, that "no reasonable jurist could disagree with the Court's resolution of Movant's constitutional claims." (Opinion: No. B-04-147, October 11, 2005, page 4) Second, that the Movant's petition fails to make a "substantial showing of the denial of a constitutional right." (Id., citing 28 U.S.C. § 2253(c)(2)) The Movant respectfully objects to the conclusions, and would formally enter the objections noted below:

## OBJECTIONS

### Counsel for the Movant was Deficient to a Degree as to Deny the Movant the Constitutional Right to Due Process

In his Motion pursuant to 28 U.S.C. § 2255, filed in the above styled action, the Movant has made a showing that his counsel was ineffective to the point of denying him his sixth amendment right to due process, as measured by **Strickland v. Washington**, 466 U.S. 668 (1984). In his formal pleadings to this Honorable Court, the Movant made such showing based upon the fact that counsel failed to object to the failure of this Court to award the Movant a 3-point reduction in his sentencing guideline range for "acceptance of responsibility." By failing to make any objection to the Court in this regard, counsel acted as amicus curae, and his performance was constitutionally deficient in light of **Strickland**. This issue is colorable, and a reasonable jurist could disagree with this Court's interpretation of this issue, and hence, appellate review is merited.

### Supplemental Pleadings of Ineffective Assistance of Counsel

The Movant further asserts in the attached Supplemental Pleadings, which the Movant has filed pursuant to F.R.C.P. 15(d), that counsel was ineffective in failing to object to the Court's findings of fact in the imposition of a 16-point enhancement for having pre-

2

viously been deported after "a conviction for a felony that is... an alien smuggling offense committed **for profit**..." (USSG § 2L1.2(b)(1)(A)(vii) (Nov. 1, 2001, emphasis added))

The Movant asserts in hs Supplemental Pleading that the prior felony for which he was previously deported was clearly not a conviction for "smuggling an alien for profit," but was instead a generic "alien transportation case." At the sentencing hearing in the instant case, the Court made findings of fact to impose this 16-point enhancement based upon the Pre-Sentence Investigation report filed by the U.S. Probation Office in the prior case. Hence, the Court investigated the underlying **facts** of the prior conviction from a record that was produced by a government agent on a preponderance of the evidence standard.

In the Movant's Supplemental Pleadings, the Movant asserts that counsel was ineffective for not objecting to these findings, as the Court impermissibly used equivocal evidence to find that the previous conviction was "smuggling for profit." The Movant relies upon the recent Supreme Court decision in **Shepard v. United States**, 161 L.Ed.2d 205 (2005) to anchor his claims of ineffectiveness. Here, the Court found that a sentencing court may not increase the sentence of a defendant by looking to the underlying facts of a generic crime, unless those facts are found in the following documents: (a) the statutory definition of the offense, (b) the indictment in the prior offense, (c) the transcripts of the (in this case) Rule 11 "change of plea" hearing, (d) the written plea agreement, or (e) any explicit factual finding by the original Court to which the defendant agreed.

Since the Court in the above styled matter did not rely upon any of these permissible documents for finding that the previous generic "transportation" case was actually a "smuggling for profit" case, and since the Court relied upon the findings of an equivocal document to which the Movant never agreed, the increase in the sentence imposed implicated the line of cases developed in **Jones v. United States**, 143 L.Ed.2d 311 (1999) and **Apprendi v. New Jersey**, 147 L.Ed.2d 435 (2000). A jury clearly stands between the **facts** of a prior conviction which may increase the sentence imposed, and this issue is clearly stated in **Shepard**.

In his Supplemental Pleading filed before this Court, the Movant makes the claim, for the first time, that his counsel was ineffective in having not objected to the Courts findings in this regard along the line of **Jones** and **Apprendi**. This assertion is clearly meritorious and colorable, and it is clear that counsel's ineffectiveness has led to the deprivation of the Movant's rights to due process as defined in the sixth amendment.

## CONCLUSION

For the foregoing reasons, the Movant respectfully objects to the Magistrate's Opinion in the above styled action stating that a COA should not issue. The Movant has shown that a reasonable jurist could disagree with the Court's resolution in this case. Furthermore, the Movant objects to the Magistrate's Opinion that the Movant's petition failed to make a "substantial showing of the denial of a constitutional right." Rather, the Movant would assert that counsel's ineffectiveness at the sentencing hearing led to

the denial of a 3-point reduction in sentence for "acceptance of responsibility" and an 8-point increase in sentence for facts of a prior conviction which were not adequately proven, in violation of **Apprendi**.

    WHEREFORE, the Movant respectfully requests that this Honorable Court grant a Certificate of Appealability in the above styled action so that the Movant may argue these point to the Fifth Circuit Court of Appeals.

Respectfully submitted by:

*/s/ Noe del Valle*

Noe Del Valle-Mejia

### CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing **MOVANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT REGARDING CERTIFICATE OF APPEALABILITY** was mailed, U.S. First Class postage pre-paid, on this 25th day of November, 2005, addressed to the following:

        Lynn Kirkpatrick, AUSA
        105 Federal Building
        500 East 10th Street
     Brownsville, Texas  78520

I hereby certify that the above statement is true and correct under penalty of perjury.

*/s/ Noe del Valle*

Noe Del Valle-Mejia
Reg. No. 11233-179
Federal Correctional Institute
P.O. Box 1000
Leavenworth, Kansas  66048

## CERTIFICATE OF COMPLIANCE

I, Noe Del Valle-Mejia, do hereby certify that the foregoing complies with the Rules of this Honorable COurt in all aspects, to the best of my abilities using the tools and supplies available here at the prison of my confinement, and humbly request the Court to extend Plaintiff its pro se liberal indulgence to excuse or waive any shortcomings or deficiancies in style, format, or content that may exist in this filing.

Date:   November 25, 2005                *Noé del Valle*
                                         _____
                                         Noe Del Valle-Mejia
                                         Plaintiff/Pro Se