IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2005

Michael N. Milby
Clerk of Court

NOE DEL VALLE-MEJIA,            )
                                )
     Movant,                    )
                                )
v.                              )   Civil Action No. B-04-147
                                )   (CR. No. B-02-323)
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )

## MOVANT'S MOTION REQUESTING LEAVE TO FILE SUPPLEMENTAL PLEADING PURSUANT TO F.R.C.P. RULE 15(d) WITH MEMORANDUM IN SUPPORT

COMES NOW, NOE DEL VALLE-MEJIA, pro se Movant in the above styled action and moves this Honorable Court requesting leave to file a supplemental pleading in the above styled action, pursuant to F.R.C.P. Rule 15(d), and in support of this request, states the following:

1. That the above styled action involves a Motion pursuant to 28 U.S.C. § 2255 in which the Movant presses the claim, inter alia, that his appointed counsel in Criminal Case No. B-02-323 was ineffective, thereby denying the Movant his right to due process of law;

2. That the Movant was sentenced by this Honorable Court on March 31, 2003, to a term of imprisonment in the Bureau of Prisons of 90 months;

3. That this Honorable Court made findings of fact at this sentencing hearing, in relevant part being that the Movant's prior conviction (CR. No. 01-CR-318) for a violation of **transportation** of an **illegal alien**, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), was an agravated felony warranting a 16-level enhancement in the instant case, as a alien "smuggling for profit" violation;

4. That this Honorable Court did not find these facts based

1

upon (a) the statutory definition found in 8 U.S.C. § 1324, (b) the indictment in CR. No. 01-CR-318, (c) the written plea agreement entered in CR. No. 01-CR-318, or (d) the written transcripts of the colloquy between the court and the Movant in the "change of plea: hearing in CR. No. 01-CR-318, as called for in the recent Supreme Court decision in **Shepard v. United States**, 161 L.Ed.2d 205 (2005);

5.   That this Honorable Court, instead based these findings of fact upon the Pre-Sentence Investigation (PSI) as prepared by the probation office in CR. No. 01-CR-318, and that said PSI was produced under the standard of preponderance of the evidence and that the Movant never explicitly agreed to any findings that his "transportation" of an alien amounted to "smuggling for profit;"

6.   That counsel was constitutionally deficient pursuant to the measure as related in **Strickland v. Washington**, 466 U.S. 668 (1984) in not properly objecting to the imposition of this 16-level enhancement based upon judicially found facts which were not apparent in the proper documents in CR. No. 01-CR-318, nor which were admitted to by the Movant nor proven to a jury beyond a reasonable doubt.

WHEREFORE, the Movant respectfully requests that this Honorable Court grant him leave to file a Supplemental Pleading based upon these assertion, as the Court has wide discretion pursuant to F.R.C.P. 15(d) to allow for such supplementation when an intervening decision has occurred which is material to the original pleading, even if the original pleading is defective in its statement of a claim.

Respectfully submitted by:

_/s/ Noe del Valle_
Noe Del Valle-Mejia

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NOE DEL VALLE-MEJIA, | ) |
| Movant, | ) ) ) |
| v. | ) Civil Action No. B-04-147 |
| | ) (CR. No. B-02-323) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**MEMORANDUM IN SUPPORT OF MOVANT'S REQUEST TO FILE
SUPPLEMENTAL PLEADING PURSUANT TO F.R.C.P. 15(d)**

COMES NOW, NOE DEL VALLE-MEJIA, pro se Movant in the above styled action, and files this Memorandum in support of the Movant's request to this Honorable Court to grant him leave to file a Supplemental Pleading pursuant to F.R.C.P. 15(d). In support of his position, the Movant respectfully draws this Honorable Court's attention to the following argument:

**THE IMPLICATIONS OF Shepard v. United States,
161 L.Ed.2d 205 (2005),
UPON THE MOVANT'S SENTENCE**

The Supreme Court's recent decision in **Shepard v. United States**, 161 L.Ed.2d 205 (2005) has serious implications upon the sentence imposed in the above styled action. Specifically, **Shepard** calls into question the 16-level enhancement imposed by this Honorable Court after finding that the Movant's prior conviction for "transportation" of an alien, in violation of 8. U.S.C. § 1324(a)(1)(A)(ii) amounted to a "conviction for a felony that is...an alien smuggling offense committed for profit" under U.S.S.G. § 2L1.2(b)(1)(A)(vii). This finding of fact exposed the Movant to an increase in his sentencing range on the United States Sentencing Guidlines in the amount of 8-points.

3

The issue here is that this Honorable Court did not find this fact based upon any of the acceptable means for making such a finding as defined in **Shepard**. Even though the Movant did plead guilty in Criminal Case No. 01-CR-318 of transporting an illegal alien, his indictment never spelled out that he smuggled an alien for profit. Furthermore, the government could have indicted the Movant under 8 U.S.C. § 1324(a)(2)(B)(ii), which has an an element that the fact that the charged individual transported an illegal alien for profit ot gain. Instead, the Movant was charged with a violation of 8 U.S.C § 1324(a)(1)(A)(ii), which has no financial element. The Movant never admitted at his Rule 11 plea colloquy in Cr. No. 01-CR-318 that the offense was commited for profit. The Plea agreement with the government made no mention of profit. In the case at hand, this Honorable Court did not use any of these permissible documents in order to find that a generic "transportation" of an alien was actually an "alien smuggling for profit." Instead, the Court used the impermissible Pre-Sentence Investigation Report (PSI) which was prepared by the U.S. Probation Office in Cr. No. 01-CR-318 to make this finding of fact.

The major problem herein is that the Court's findings do not deal with the **existence** of the Movant's prior conviction, but rather the underlying **facts** of that conviction. Hence, the Court is not sheilded by **Almendarez-Torres v. United States**, 140 L.Ed.2d 350 (1998) in a simple finding that the prior conviction **existed**. Rather, the Movant is sheilded by the line of cases defined by **Jones v. United States**, 143 L.Ed.2d 311 (1999) and **Apprendi v. New Jersey**, 147 L.Ed.2d 435 (2000), in that the **facts** of this prior conviction must be proven

4

beyond a reasonable doubt to a jury, or admitted to by the Movant in either his a) indictment, b) plea agreement, or c) Rule 11 colloquy. In this case, the Movant did plead guilty, but never admitted at any of these vital juncttures that the "transportation" of an illegal alien amounted to "smuggling an illegal alien for profit." A PSI prepared by a government agent by the preponderance standard of proof simply does not protect the Movant's constitutional rights to have the **facts** of his prior conviction proven beyond a reasonable doubt. This Honorable Court could not, therefore, use a generic "transportation" offense to increase the Movant's sentence based solely upon the PSI, an equivocal document.

Thus, the Movant's constitutional right to due process under the sixth amendment was clearly violated in the imposition of this sentence. When appointed counsel failed to object along the lines of **Jones** and **Apprendi**, his performance fell below the constitutionally required standards for "effectiveness" as defined in **Strickland v. Washington**, 466 U.S. 668 (1984). Hence, when counsel failed to raise a proper **Apprendi** claim in the imposition of this sentence, the Movant was unable to raise such issues of error on appeal. There is a "reasonable probability" that had this issue been properly raised and preserved, given the recent decision in **Shepard**, that the Movant's sentence would have been drastically decreased.

## CONCLUSION

As such, the Movant asserts that this Honorable Court should grant his request to file a Supplemental Pleading in the above styled action. This issue has weight and merit, and the interests of justice are implicated. Inasmuch as this is true, the Movant respectfully requests that this Honorable Court grant him leave to file a Supplementary Pleading;

5

mentary Pleading in his 28 U.S.C. § 2255 Motion, and to grant the Government ample time to respond to avoid any prejudice that such a Supplementary Pleading may create.


Respectfully submitted by:

*/s/ Noe del Valle*

Noe Del Valle-Mejia

### CERTIFICATE OF SERVICE

I hereby certify that one true and correct copy of the foregoing **MOVANT'S MOTION REQUESTING LEAVE TO FILE SUPPLEMENTAL PLEADING PURSUANT TO F.R.C.P. 15(d) WITH MEMORANDUM IN SUPPORT** along with the attached **MEMORANDUM IN SUPPORT OF MOVANT'S REQUEST TO FILE SUPPLEMENTAL PLEADING PURSUANT TO F.R.C.P. 15(d)**, was mailed, U.S. First Class postage pre-paid, on this 25th day of November, 2005, addressed to the following:

> Lynn Kirkpatrick, AUSA
> 105 Federal Building
> 500 East 10th Street
> Brownsville, Texas  78520

I hereby certify that the above statement is true and correct under penalty of perjury.

---

Noe Del Valle-Mejia
Reg. No. 11233-179
Federal Correctional Institute
P.O. Box 1000
Leavenworth, Kansas  66048

6

## CERTIFICATE OF COMPLIANCE

I, Noe Del Valle-Mejia, do hereby certify that the foregoing complies with the Rules of this Honorable COurt in all aspects, to the best of my abilities using the tools and supplies available here at the prison of my confinement, and humbly request the Court to extend Plaintiff its pro se liberal indulgence to excuse or waive any short-comings or deficiancies in style, format, or content that may exist in this filing.

Date:   November 25, 2005                    _____
                                             Noe Del Valle-Mejia
                                             Plaintiff/Pro Se

7

Valle-Mejia
Reg. No. 11233-179
Federal Correctional Institute
P.O. Box 1000
Leavenworth, Kansas 66048

United States District Court
Southern District of Texas
RECEIVED
DEC 12 2005
Michael N. Milby, Clerk of Court

Re: Case No. B-04-147
Civil Action
Judge Hilda G. Tagle

United States District Court
Southern District of Texas
Office of the Clerk
attn: Maricela Perez
600 East Harrison Street, #101
Brownsville, Texas 78520

LEGAL MAIL