IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 3 2006

Michael N. Milby
Clerk of Court

NOE DEL VALLE-MEJIA, )
)
    Movant, )
)
v. ) Civil Action NO. B-04-147
)
UNITED STATES OF AMERICA, ) Criminal No. B-02-323
)
    Respondent. )

### MOVANT'S PRO SE SUPPLEMENTAL PLEADING

COMES NOW, NOE DEL VALLE-MEJIA, pro se Movant in the above styled action and submits and files the following supplemental pleading and memorandum in support, pursuant to the Order of this Court on December 16, 2005 granting the Movant leave to do so pursuant to Fed. Rules of Civil Procedure 15(d). To this end, the Movant respectfully pleads the following:

### COUNSEL WAS INEFFECTIVE IN NOT OBJECTING UNDER APPRENDI v. NEW JERSEY, 147 L.Ed.2d 435 (2000) IN THE SENTENCING OF THE MOVANT

At the Movant's March 31, 2003 sentencing hearing before this Honorable Court, the Movant was sentenced to a term of 90 months in the Bureau of Prisons. The sentence was imposed as the result of this Court making a finding of fact that the Movant, who had pleaded guilty in this case to "illegal reentry," had previously been deported after "a conviction for a felony that is...an alien **smuggling** offense committed **for profit**..." (USSG § 2L1.2(b)(1)(A)(vii) (Nov. 1, 2001), emphases added.) This increased the Movant's criminal liability significantly by having a 16-point enhancement added to the base offense level for the Court's having found this fact.

Relevant to this Pleading, this fact was found by this Court

by the civil standard of preponderance of the evidence. Furthermore, the evidence upon which the Court relied to make this finding was the Presentence Investigation Report (PSI), which was prepared by the U.S. Probation Office. Significantly, the fact that the previous deportable offense involved "an alien smuggling offense committed for profit" was never admitted by the defendant (either in the disposition of the previous case, or in the Rule 11 colloquy in the instant case), nor was it proven beyond a reasonable doubt.

The Movant asserts, since the enhancement which greatly increased his sentence was based upon the underlying _facts_ regarding his previous conviction (an not the _existence_ of the prior conviction), and since these "facts" must be admitted or proven beyond a reasonable doubt, that his counsel was ineffective for not objecting under the line of cases which is defined by **Apprendi v. New Jersey**, 147 L.Ed.2d 435 (2000). To this end, the Movant asserts that the Supreme Court's recent decision in **Shepard v. United States**, 161 L.Ed.2d 205 (2005) holds that the underlying facts of a previous criminal conviction implicate the standard of reasonable doubt.

Furthermore, the Movant asserts that the deficiency of counsel in failing to object to the sentence imposed based upon **Apprendi** denied the Movant his rights to due process as defined by **Strickland v. Washington**, 466 U.S. 668 (1984). To this end, the Movant respectfully requests this Court to grant him relief under 28 U.S.C. § 2255, and order a resentencing in the above styled matter where the Movant can properly argue for a sentence which is constitutionally sound under **Apprendi** and **Shepard**.

To support this Pleading, the Movant respectfully submits and

files the Memorandum in Support below.

**MEMORANDUM IN SUPPORT**

The Movant was originally deported after having been found guilty by plea agreement in Case No. 01-CR-318, of violating 8 U.S.C. § 1324(a)(1)(A)(ii). Relevant to this argument, 8 U.S.C. § 1324(a)(1)(A)(ii) states the following:

> "Any person who knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law"

Hence, this section describes what might be termed as a generic "transportation" offense, and no element of the crime could be termed as requiring "profit" to be gained, or "smuggling" of the alien to have occurred in order to be found guilty. In fact, had the government so chosen in Case No. 01-CR-318, they could have indicted the Movant pursuant to 8 U.S.C. § 1324(a)(2)(A)(ii), which has as an element the fact that the violation was carried out for "profit."

Since the Movant's original deportation was the result of his guilty plea to a generic transportation violation, this Court had to look beyond the mere <u>existence</u> of the prior conviction in order to increase the Movant's current sentence for "smuggling for profit." Instead, the Court had to look at the underlying <u>facts</u> of this prior conviction in order to assess the 16-point enhancement.

It is here that the Movant asserts that error was committed in his sentencing, and that his constitutional rights were violated by ineffective counsel. In looking at the underlying facts of his previous conviction (and not just the mere fact of the existence of that conviction), the Movant asserts that the Court is not protected by the holdings in **Alemendarez-Torres v. United States**, 140 L.Ed.2d 350

3

(1998). Instead, the Movant asserts that this Court's having looked to the underlying facts in enhancing his sentence implicated the **Apprendi** line of cases, as recently held in **Shepard v. United States**, 161 L.Ed.2d 205 (2005).

The Supreme Court held in **Shepard** that in order to find that the underlying facts of a previous conviction warranted an increase in a defendant's sentence in a case where the original offense could be termed as "generic," the sentencing court was "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant...," (161 L.Ed.2d at 218). The Court's reasoning was based upon the following:

> "the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the state, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potantial sentence. While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings in **Jones**[**v.United States**, 143 L.Ed.2d 311 (1999)] and **Apprendi** to say that **Alemendarez-Torres** resolves the dispute"
> (161 L.Ed.2d at 217)

Hence, the Movant asserts that he was shielded by the holdings of **Apprendi** in his sentence having been enhanced under U.S.S.G. § 2L1.2 (b)(1)(A)(ii) for having committed a previous alien smuggling for profit, when he was only charged in Case No. 01-CR-318 with a generic alien transportation violation.

Furthermore, the Movant asserts that he was prejudiced when this Court relied upon impermissible sources to make a finding to apply the enhancement. The Movant's indictment in Case No. 01-CR-318 did not allege a "smuggling for profit." His plea agreement and Rule 11 colloquy with the Court in Case No. 01-CR-318 did not present any

4

evidence that the Movant had admitted that he was "smuggling an alien for profit." Likewise, in the instant case, there exists no evidence, either in the Rule 11 colloquy or the plea agreement to suggest that the Movant admitted to this aggravating factor.

Instead, this Court relied upon the PSI Report which had been prepared by the U.S. Probation Office on unsubstantiated hearsay. This document does not satisfy one of **Shepard's** permissible ways for a court to coax an aggravating factor from a previous generic conviction. Hence, according to the holdings of **Jones**, **Apprendi**, and **Shepard**, the finding of this aggravating factor was in error, and the Movant's sentence is unconstitutional.

### COUNSEL'S PERFORMANCE WAS DEFICIENT UNDER STRICKLAND

Counsel's performance at the Movant's sentencing hearing in the above styled matter was deficient to the point of denying the Movant his due process rights, as defined in **Strickland**. This deficiency played out in two ways. First, by not objecting to the imposition of the 16-point enhancement for having previously "smuggled for profit" under the **Apprendi** line of cases, the Movant's due process right to having the just and proper sentence imposed by this Court was violated. Furthermore, since counsel did not properly object in this manner at sentencing, the Movant's due process rights were violated in that he was denied the ability to effectively appeal the imposition of the enhancement under **Apprendi** and **Shepard**. Thus, the Movant asserts that he has shown that his counsel's representation was constitutionally deficient.

The Movant also asserts that "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." (**Strickland**, 80 L.Ed.2d at 698.)

Had counsel forwarded the proper argument based upon **Apprendi**, it is reasonably likely that this Court would have sentenced the Movant without the 16-point enhancement. Even assuming, arguendo, that this Court had still looked to impermissible sources to find this aggravating factor, the Movant would have had his sentence reversed by the Fifth Circuit Court of Appeals on review, in light of **Shepard**. Hence, it is reasonably probable that, but for counsel's ineffectiveness, the Movant would be serving a much shorter sentence than he is now.

## CONCLUSION

WHEREFORE, the Movant respectfully requests that this Honorable Court find that the Movant has met his burden in showing that his appointed counsel was ineffective, and that due to the deficient performance of counsel, that the Movant's due process rights were violated and that the sentence imposed in the case is unconstitutional in relation to the 16-point enhancement for an aggravating factor which was impermissibly found by this Court. The Movant further requests this Honorable Court to grant his request for habeas corpus relief pursuant to 28 U.S.C. § 2255, and to order a new sentencing hearing in the above styled matter to allow for the Movant to be constitutionally sentenced.

Respectfully submitted by:

*/s/ Noe del Valle*

Noe Del Valle-Mejia
Reg. No. 11233-179
Federal Correctional Institute
P.O. Box 1000
Leavenworth, Kansas  66048

Submitted on January 12, 2006

## CERTIFICATE OF SERVICE

I, Noe Del Valle-Mejia, do hereby certify that one true and correct copy of the foregoing **MOVANT'S PRO SE SUPPLEMENTAL PLEADING**, was mailed, having been placed into the mailbox marked and reserved for **LEGAL MAIL** at the FCI-Leavenworth, U.S. First Class postage pre-paid, on this, the 12th day of January, 2006, addressed to the following:

                Lynn Kirkpatrick, AUSA
                105 Federal Building
                500 East 10th Street
              Brownsvile, Texas   78520

I hereby certify that the above statement is true and correct under penalty of perjury.

*/s/ Noe del Valle*

Noe Del Valle-Mejia
Reg. No. 11233-179
Federal Correctional Institute
P.O. Box 1000
Leavenworth, Kansas   66048

