**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| NOE DE VALLE-MEJIA, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL NO. B-04-147 |
| UNITED STATES OF AMERICA § | (CR. NO. B-02-323) |
| Respondent. § | |
| § | |
| § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Noe de Valle-Mejia's Motion for Amendment of Judgment Pursuant to Federal Rule of Civil Procedure 59(a). Docket No. 31. The motion should be denied.

On August 10, 2005, the district court entered an order denying Petitioner Valle-Mejia's habeas motion and dismissing the case. Docket No. 11. On September 1, 2005, Petitioner requested a Certificate of Appealability ("COA"). Docket No. 13. On March 1, 2006, the district court denied the COA request. Doc. No. 30. Petitioner Valle-Mejia has since filed the present motion pursuant to Rule 59(a), requesting that the Court amend the denial order and grant a COA.

Although Petitioner titles his pleading as a "Motion For Amendment of Judgment Pursuant to FED. R. CIV. P. 59(a), the substance of his motion suggests that he seeks relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2645 (2005). Rule 59(a) contemplates the grounds for a new trial. Rule 60(b) allows a court to grant relief from a final judgment, order, or proceeding under a limited number of circumstances including mistake, newly discovered evidence, fraud, a voided judgment, or if the judgement has been satisfied or

discharged.

Rule 60(b)(6) permits reopening a matter when the petitioner shows "any other reason justifying relief from the operation of the judgment." *Gonzalez,* 125 S. Ct. at 2646. Here, Petitioner supports his present motion by alleging that his supplemental pleading raised colorable and meritorious issues which show a denial of constitutional rights through the ineffectiveness of counsel. However, this basis is the same that Petitioner presented in his initial habeas motion dated June 28, 2004, and in his request for a COA dated September 1, 2005. Accordingly, Petitioner's present motion, which although not a "habeas corpus application," is similar enough to be held to the same requirements of a habeas motion. *Gonzalez,* 125 S. Ct. at 2647. ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction... circumvents AEDPA's requirement that a new claim be dismissed.")

Since the present motion is held to the requirements of a habeas motion, this Court uses the limitations stated in 28 U.S.C. § 2255 for the purposes of determining if the motion is tenable here. Section 2255 provides that a claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. Here, Petitioner is attempting to re-litigate his ineffective assistance of counsel claim, while couching it in a motion for amended judgment. Petitioner does not present any new evidence or rely on a new rule of constitutional law that would convince the Court that a Rule 60(b)(6) "reason justifying relief from the operation of the judgment" was established and therefore Petitioner's motion for amendment of the district court's COA order should be denied.

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that the Petitioner's motion for

amended judgment be DISMISSED and the relief sought be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 19th day of October 2006.

_____
Felix Recio
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| NOE DE VALLE-MEJIA,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-147<br>(CR. NO. B-02-323) |

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced civil cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be ADOPTED.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petitioner's motion for amended judgment be DISMISSED and the relief sought be DENIED.

DONE at Brownsville, Texas, this _____ day of _____, 2006.

                                                                  Hilda G. Tagle
                                                            United States District Judge